May it please the Court, I'm Leon Greenberg. I'm here to argue for the Appellant. I'd like to reserve 2 minutes of my time for rebuttal, Your Honor. The Plaintiff is a former convenience store cashier of defendant who was paid $8 an hour. He alleges in this case the defendant failed to pay him regularly for certain periods of time that he worked. These amounts of time were small in amount, 10 or 15 minutes each interval. They were recorded on the defendant's timekeeping system, and then the defendant would mark them as unapproved and not pay the Plaintiff for them. The Plaintiff brought this case seeking damages as well as equitable relief. He alleges that these circumstances involved not just himself, but thousands of other persons who also worked for the Plaintiff, excuse me, for the defendant. He's not able and was not able to explain to the district court whether his circumstances were common to these other thousands of persons or unique to himself, because he did not have access to these persons. He did not have access to the defendant's computerized recordkeeping system. Roberts, Jr. Counsel, maybe to clear away some bosque, or at least in my mind, I take it as his individual claim is done. It doesn't mean that he can't pursue a class action, but his individual claim is finished, I take it, with the offer. So they're removed. The FLSA will call it a class action claim. He says, I'm not pursuing that. So that we're not really dealing with. So we come to the two-State class action claim. Let's call it one, say, statutorily based and one common law based. That is correct, Your Honor. Okay. And the question is, A, can he keep pursuing the class actions as far as class action law is concerned? And that's what I think you were trying to address right at this moment. Well, yes, Your Honor. In fact, I think the first inquiry should be why the district court, upon noting the offer of judgment and resolving all the plaintiffs' Federal claims, did not remand this case to the State court, because all that is left are State law claims. There were no Federal claims. Well, that's another question. That's a slightly different question. That is a different question than what Your Honor asked. If the court was to examine the actual holding of the district court, the district court agreed that the class claims did not just disappear by virtue of the offer of judgment. The class claims did have to be considered. The district court reached a holding that plaintiff had not acted diligently in seeking class certification, and therefore, 11 months after this case was filed and about 8 or 9 months after discovery commenced, it dismissed the class claims as well. Now, in those terms, in terms of the class claims, it sort of looks like the Nevada statutory provisions class claim, I guess that's count two, really can't be brought, because the statutory as such needs to be brought by the Nevada Labor Department or whatever. It looks like the common law claim may still be viable. Your Honor, I would submit that both claims are actionable in the civil courts of Nevada. That is an issue of State law, which again goes to why the court should have just remanded it to State court without a Federal issue in front of it. The district court looked to the formal structure of the complaint, which included this collective action complaint, potentially on behalf of other persons under the Fair Labor Standards Act. The plaintiff came to the district court and said, I'm not pursuing those claims. He was agreeing to their dismissal. And the Federal the district court said, well, it's in the complaint, therefore, it's still here, even though there's nobody who's joined this case and there's not going to be any attempt to have anybody join it. What's your current position on the FLSA claim? Are you willing to dismiss that? You've abandoned the claim? Yes, Your Honor. The claim was dismissed. The district court was advised that there would be no attempt made to join anybody in the case, and no request for relief was going to be made under Federal law for anybody. So if this were to go back, you were not going to pursue the FLSA claim at all. That is correct, Your Honor. There was no intention of doing so. The district court was advised of that at the time that this motion was heard in the district court. The district court, though, declined to give up jurisdiction. So we're talking about the State statutory claim, count two, and the State common law claim, count three, right? That is correct. There's actually a couple of different State statutory claims. Excuse me? There are actually more than one State statutory claim, but they are two claims. There's some statutory claims under State labor law, and there's just a common law breach of contract claim, which the district court also found was preempted by Nevada labor law and actionable only before the labor commissioner of Nevada. So assuming we're not going to say, well, you require district court, you abuse your discretion by not sending it back to the State court, then what you have to address, I suppose, is did he wait too long? Well, that would be the issue that the district court would have to reconsider. And I submit that the district court's explanation for its ruling on that is not really in the decision. The only thing it tells us is that, well, plaintiff didn't move for class certification before the initial discovery close date, and that was why I found he didn't act with sufficient promptness. But the court itself had extended that date. So class discovery was still ongoing at the time of the dismissal of this complaint according to the court's orders. Prior to that initial discovery close date, about two or three months prior, plaintiff had moved to compel the class certification he said he needed to properly develop the record and present the class certification issue to the court. That motion, in fact, was fully argued three months before the court heard argument on the motion to dismiss, but the court never decided that prior motion. In the briefs, analogous district court and circuit court cases are discussed that have examined this issue of what constitutes sufficient promptness to move for class certification. There is not a single decision that I have been able to find where district court in an 11-month period under any circumstances, or even in a longer period than 11 months, have dismissed for lack of prompt movement towards class certification a case, a class claim. There's just no reported decisions. And the other issue here, of course, is prejudice. Defendant came and requested the dismissal on that basis, but where was the prejudice to the defendant in that the motion wasn't made earlier? Defendant had resisted providing the discovery the plaintiff sought. The court never ruled on that issue. If the court had wanted the motion to proceed without the discovery, it could do so. I mean, it has the discretion to do so, and then we would have a record as to, you know, what the court found. But the court never advised the plaintiff to do that. So the plaintiff is left guessing. And yes. Roberts, let me ask you about the common law, the breach of contract claim. At one point, it seemed to me the district court said that he would, the district judge said, I'm going to grant you leave to amend. It then looks like before the time for leave to amend ran out, the district court dismissed it entirely. Am I missing something that went on there? Did you say something like, we're not going to amend that common law claim? No, Your Honor. What happened is initially the district court said the breach of contract claim that simply said generically there was a contract to pay certain wages for hours that the plaintiff worked. The district court said that was insufficiently precise, because it did not state what the amount per hour the plaintiff was to be paid. Granted leave to amend, I think that decision was in error. But subsequently to that, about two weeks later, the district court then dismissed in its entirety the contract claim, finding that NRS 608-100, which is a provision that gives the Nevada Labor Commissioner the authority to collect wages that are unpaid to any employee pursuant to contract or statute, preempted the plaintiff's common law contract claims. I find that to be completely unsupported by anything in the record. You're talking about an abrogation of an ancient common law right. The district court cites to this Sands-Regent case in rationalizing why 608-100 abolished the common law contract right. But Sands-Regent dealt with an attempt to extend or to create, really, a common law discharge in violation of public policy right in Nevada for age discrimination, a right that does not exist under common law. In Sands-Regent, the Nevada Supreme Court said, well, this is addressed by statute in Nevada, so we're not going to create a common law right for protection against age discrimination. But looking at that case, the district court said, well, where the legislature has provided a remedy, it abolishes a common law right. And it's not the same thing here, Your Honors, because obviously in Sands-Regent we're talking about a common law right that never existed, that somebody was trying to establish in the face of a statutory remedy. Here, the district court was saying that a statutory remedy abolished a preexisting common law right when there's nothing in the legislative record, there's nothing in the statute, there's no reason to believe that that was ever intended or inferred. And I would submit that it's well-established the Court should not take lightly to interpret a statute to abolish a preexisting common law right. The other issue, of course, that I wanted to stress again is that the district court did not engage in any analysis as to why it should retain jurisdiction once the Federal claims were resolved. There's no discussion as to a need or efficiency or prejudice to any of the parties. This Court in the Avalar decision. Roberts, Jr. Well, didn't the district court say, I think you're playing fun and games? Didn't it say something like that? The district court said, Your Honor, the Court accused the plaintiff of form-shopping. Breyer, Precisely. So there's a reason. Well, Your Honor, I suppose that's a reason. That's no – the plaintiff's conduct in that respect was no different than defendant. I mean, plaintiff filed in State court. This is a predominantly State law case. Defendant wanted it in Federal court. These are all – I didn't say you were a bad guy. I said there's a reason. Well, that's the reason, Your Honor. You are correct. I don't view that as being a reasoned reason. It doesn't provide any sort of reference to the State that this case was in, the efficiency of the judicial system, the Federal interest, the Federal district court being a court of limited jurisdiction. We have unique issues of State law here that have not been resolved, the 608-100 issue we were talking about. Defendant also alleges that the plaintiff lacks standing to bring a claim for overtime under Nevada law, which involves the same issue as to whether that is only actionable in front of the Nevada Labor Commissioner. Counsel, if we were to agree with you on at least some of your claims, what should we do? I would request that the Court reverse the orders of the district court, except to the extent that it is held that all FLSA claims in this case have been dismissed and instructed to remand this case to the State court, which can decide all the other issues. And lacking that, if this Court will not direct such a remand, which, as I was getting to in the Avalar decision from 2009, this Court had a very similar situation where there was two State, two Federal claims by the plaintiff, one was dismissed by the district court, the plaintiff consented to the dismissal of the other one, the district court proceeded to rule on the State law claims anyway, this Court suspended on appeal, said that this doesn't make sense for us to be hearing and for the State court. And similarly, the Court commented in the Avalar case that there were unique issues of State law that were present that strongly weighed in favor of the remand. And it's the same thing here. We have these State law issues that have not been determined with finality by the Nevada Supreme Court, which is all the more reason why this case should be remanded. It is at an early stage, and there's really no reason that the district court or this Court, Your Honor, should be burdened with further proceedings in this matter. Let the State court decide these issues. I should reserve the rest of my time. Roberts. Thank you, Mr. Greenberg. Mr. Shelton. Good morning, Your Honors. Wesley Shelton with Ildar Mendelson for the defendant, Terrible Hearst. Let me try to get to the point and address the issue that I think is most central to the Court here. What we have is two competing rules of civil procedure. We have Rule 23 and we have Rule 68. What the plaintiff is asking the Court to do is to completely ignore Rule 68, the offer of judgment statute, in favor of Rule 23. What the defendant and other circuit courts are suggesting to this Court is that we create an accommodation between the two statutes. We can create an accommodation by making a rule that where there's an offer of judgment under Rule 68 before a motion for class certification, that the relation back rule will apply only if the plaintiff early and diligently moved for class certification. In this case, that was clearly not the case. How could he do so if he had, during the discovery period, had made requests for discovery, had filed a request to compel discovery, and the magistrate had had hearings on it, did not decide the question, and the district court all of a sudden leaps into the situation, decides it without resolving those motions? Well, I think, Your Honor, it's important to understand what the motion to compel was asking for. What plaintiff did, and it was actually fairly clever, in the beginning of the litigation, he did one request for production of documents, and in that, he investigated the plaintiff's individual claims, and then he made a couple class requests, such as give me all the punch cards for every hourly employee in Southern Nevada. Also, give me all the names and addresses for every hourly employee in Southern Nevada. No surprise, the defendant wasn't eager or excited to respond to those requests for production of documents, and the plaintiff simply did absolutely nothing after that. I think there was a couple reasons. What do you mean by absolutely nothing? He moved the court to order you to present them, and it must have been a very difficult, close issue, because the court wasn't able to rule on it for a very long time. And I assume the judge didn't just say, oh, well, I'm the heck with this. I don't rule on cases. It must have been struggling with trying to answer whether you had to give that information or not. In fact, we don't have an answer to that question today. That's true, Your Honor, and I'm not going to try to, you know, delve into the mind of the judge, although I think oftentimes they do take a lot of time to decide these. But what I will say is, is that what plaintiff could have done is so much other discovery that didn't include punch cards and that didn't include names and addresses. You're second-guessing his strategy, and you may think that you've got a better strategy if you've been plaintiff's counsel. This is the strategy he's chosen. The district court, the magistrate judge, has not ruled on those motions. So if the magistrate decides that this is overreaching, then the plaintiff just simply may be out of luck. It may be too late to pursue a different strategy, and you may just win it outright on that question. I hear what you're saying, Your Honor. If the magistrate were to find that he's entitled to this, then it's a whole different ballgame. I hear what you're saying, Your Honor, and I understand why you would think that. What I think the district court, Judge Jones, did when he dismissed the case is, is he looked at it and said to himself, you know what, plaintiff could have done the following discovery very easily, but instead he chose to do nothing. He, for example — Did he say that in his order? No, but this was — And he didn't step into Judge Johnston's realm and decide the discovery motions for himself, did he? Right. No, if I could just add, not with regards to the motion, but rather, for example, why was the deposition of the manager for the plaintiff in this case not taken? Why not go to the manager and say, hey, let's take a look, why was this time not marked? Or — and then if it wasn't marked, why did you not mark it? Did you hear from corporate that this is the practice, that you're not supposed to mark this time, that this time's not to be counted? Hey, how can you figure out somebody's depo strategy? Maybe — maybe I'd like to have, before I go into this deposition with this obviously perfectly honest manager, maybe what I'd like to have would be a bunch of time cards backing up that this guy plays this game all the time. And so it's not just — it's not just Mr. Pitts who does it wrong, but guess what? Hundreds and hundreds and hundreds of employees do it wrong whenever — and every time they do it wrong, it's always in favor of management to strike it out. Maybe he'd want to talk to the manager about that. Why can't he do — as long as the discovery period had been extended, as I recall, why couldn't he do discovery on the class questions the way he wanted to do it? And that's a valid point, Your Honor. But I think it can be answered with that the plaintiff's attorney has an obligation to try to prove the name plaintiff's claims. There was nothing stopping him from moving forward on those claims. He did absolutely nothing. In addition to that, under Manalini v. Bolger, the case right out of this Ninth Circuit, there's a couple of prerequisites before you can get class discovery. And that's what the magistrate judge was grappling with. One, you have to show that the Rule 23 requirements are satisfied. Or two, you have to show that additional discovery will equal a substantial likelihood of proving the Rule 23. And there wasn't an obvious answer to that, was there? Because the magistrate judge was indeed having to grapple with that for a very long time to try to figure out what the answer should be. Through an obvious answer, he could rule from the bench. True, Your Honor. I think that would have been ideal. Although, I think there was an obvious answer. I know that the magistrate judge reprimanded Plaintiff's counsel for not conducting any discovery along the lines of Manalini v. Bolger, trying to find out if the Rule 23 requirements had been satisfied or if there was a substantial likelihood that they would be satisfied. At the end of the day, Judge Jones had to make a decision. He had to decide, was there a delay here? He looked at the rules. Why did he have to decide that if we didn't have a preliminary judgment on the motion, if we didn't have a completion of discovery? Again, Your Honor, I think it would have been ideal if the magistrate judge had decided that. If it would have been ideal, then why did Judge Jones have to do it? That was really your words. He had to decide this. So I don't understand why he had to decide this if it would have been ideal to have waited some reasonable period of time. Discovery was going to close in another couple of months. Right. So why don't we just get the motion resolved, figure out whether we're going on to discovery or not? There's been quite a bit of delay. I think the motion was, I think they moved to compel something like October, and by February, we still don't have a resolution. I think it would have been ideal, but highly unnecessary. When you look at the record, literally, there was no discovery done until January, almost nine months after the complaint was filed. If you're the judge, you're trying to decide, has Plaintiff's counsel diligently pursued discovery? And he's done nothing more than a motion, a request for production of documents, and a motion that on its face is asking for ridiculous things, such as punch cards for every hourly employee in the entire state, asking for names and addresses with no classification. This is all ridiculous, but I don't know why it stumped a district judge and a magistrate judge, because neither one of them was able to rule on what you claim is a ridiculous request. And I guess that's up for debate. But what I think is... It doesn't seem like it was ridiculous on its face. And I guess that's for debate. But I think what's clear on the record and is undisputed is that Plaintiff made no attempt to pursue his individual claims, no attempt to discover evidence to support those individual claims. And if he had made any attempt at all to try to discover evidence to support his individual claims, that would have, if, you know, he was in the right, would have led to evidence that would have allowed him to move for class certification. Well, he'd have wasted an awful lot of money had he done that, wouldn't he have? Well, he has to prove his individual claims anyways, right? So that discovery... Oh, no, no. But what I mean is that at the end of the day, maybe he could perceive that a really interesting strategy would be for somebody to offer him 900 bucks and go home. Well, I can't say what he was thinking. I think something like that happened. Yeah. And I'm not, you know, I think we've discussed to a point, you know, the delay that was in this case. I think it's been well briefed and I think Your Honors can see the facts that are out there. I just want to point out that there's two critical reasons why this balance has to be struck, that why delay is important. One, Rule 23 instructs us that motion for class certification has to be filed in early practicable time. And in addition, if you take a look at the Weiss case out of the Third Circuit, cited heavily in our briefs, they recited the fact that in the 1980s, twice, Congress considered whether to amend Rule 68 so that it would not apply to Rule 23. Twice they declined to do so. Therefore, that says to me that the legislative intent is that there must be an accommodation between Rule 68 and Rule 23. That accommodation is that the plaintiff has to move early and with diligence. In this case, the district court, knowing the facts of this case well from the beginning to end of nearly a year's worth of litigation, looked and said, you know what? Plaintiff's counsel has done nothing. He took one deposition, inconsequential essentially, after the magistrate judge reprimanded him for not doing any discovery at all in the case during the course of a year, and then did absolutely nothing else. The district judge looked at that and said, you know what? As a matter of law and based on the facts of this case, I find that that is not early and that's not with diligence, and therefore, I'm going to dismiss the case. Can I ask you another question? Because I think I missed it. I'm sure I missed it in the briefing. One of the arguments today is the district judge erred in not simply remanding this case to the State court. Was that argued extensively in front of the district court? And if I missed it here, tell me, and what's the answer? The answer was it was extensively argued at the motion to dismiss. That was a critical issue. Really out of nowhere, plaintiff's counsel came forward and said, you know what, Your Honor? I'm not going to pursue my FLSA claims. And then the judge said to him, you're not going to pursue your FLSA claims. I haven't seen a voluntary motion to dismiss, a motion to amend the complaint. I haven't seen anything. Why all of a sudden you have a change of heart in this 11th hour proceeding and you don't want to move forward with your FLSA claims? Well, there was a clear answer to that. As the judge cited in his order, he felt that the plaintiff wasn't liking the rulings that were coming down from the federal district court and thought he might do better in the State court setting. So at that point, desperate for any way to get back to the State court, he discarded his FLSA claims and said, Judge, now you're going to be forced to send me back to the State court. Not true. Under the Brady factors, we know that there are several reasons why a judge might retain jurisdiction. One of those could be forum shopping. Another is, Your Honors, is that this case has been going on for almost a year at this point. We had a ---- Counsel, if we were to disagree with you on the effect of your Rule 68 offer and the judge's, the propriety of the judge's ruling on the class certification, I assume that you don't want the FLSA claim revived. No. Okay. Then what should we do? If you disagree with me that delay is not a factor? That's right. That under these circumstances, it was an abuse of discretion to dismiss the case. Then what would you like us to do? Well, I mean, if you decide it's abuse of discretion, I guess remand is really the way to go. Do you want us to remand to the district court and just for further proceedings, let the district court decide whether to remand it to the State court, or do you want us to remand it to the district court with instructions to remand it to State court? I think with instructions to remand to the State court would be unwarranted and unadvisable. The district court in this decision made clear its finding that there was forum shopping. I think that was supported throughout the litigation. They also made clear in their finding that this case is advanced. The court's already extended substantial time and resources towards its resolution. In fact, discovery was essentially finished and trial was on the way. I think under those circumstances and taking a look at the Brady factors, it makes absolutely no sense at all to remand to the State court. Anything further, counsel? Let me just conclude by saying that the Court can reconcile Rule 68 and Rule 23. I'm making a rule that where Rule 68 offer of judgment is made before a motion for class certification, that the relation-backed doctrine only applies where the plaintiff early and diligently moves for class certification. In this case, that was not done. For those reasons, I ask the Court to affirm. Thank you. Thank you, Mr. Sheldon. Mr. Greenberg, you have a couple of minutes reserved. Greenberg, I'd like to first address the issue of the discovery that was not conducted and the manager deposition that was conducted. Defendants only offered to cooperate in discovery on the merits justifying their deductions on the payroll records for the plaintiff or to discuss their policies that only such adjustments were made properly. They refused to provide any discovery, a deposition, documents, anything that would tell us whether what plaintiff complained about was unique to him or affected other people, the commonality issue essential to the Rule 23 consideration. So plaintiff had nowhere to go with the discovery the defendant was offering. And in fact, discovery on his individual claims was actually made irrelevant by the offer of judgment. Plaintiff had no need to establish anything on his individual claims at that point because those claims were already essentially mooted by the offer of judgment. I just want to emphasize that, again, there is no finding by the district court that there was any prejudice to the defendant by the alleged delay in proceeding faster to class certification. And finally, to address the form-shopping allegation, plaintiff's FLSA claim only involved himself because the FLSA is an individual joinder statute. No one else ever joined this case. The fact that there was a boilerplate allegation in his FLSA claim that would allow other people to join is really an irrelevancy. He never made the request that other people be given notice. He never stated in the complaint that such a request would be made. It simply left open the potential door. But since no one joined in this case, and he made no attempt to have that joinder done, there is no reason that he should be presumed to still somehow be advancing a Federal claim in this litigation. It's a very sort of, how would one say, limited view of the pleadings and the effect of the pleadings that the district court took on that issue. My time is concluded. I thank you. Roberts. Thank you, Mr. Greenberg. We thank both counsel for the argument. And with that, we have concluded the oral arguments calendar for today, and the Court will stand in recess until tomorrow. Thank you, Mr. Greenberg. Thank you.
judges: Singleton, Fernandez, Bybee